IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:16-cv-01669-NBF |
| v. ) | District Judge Nora Barry Fischer |
| ) | |
| INNOVATIVE DESIGNS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Presently pending before the Court is Defendant Innovate Designs, Inc.'s ("Defendant") Motion to Extend the Discovery Deadline. (Docket No. 44). As stated in the Case Management Order entered on December 22, 2016, fact discovery was to be completed by September 19, 2017. (Docket No. 13). In its motion, Defendant requests that the Court extend the discovery deadline 120 days.[1] Plaintiff Federal Trade Commission ("FTC") objects to Defendant's requested extension, asserting that the motion is not supported by good cause. (Docket No. 48). The Court convened a telephonic conference with the parties on September 8, 2017, at which time the Court heard arguments from counsel for both parties relative to their respective positions on this motion. (Docket No. 49). After consideration of the parties' written filings, as well as their stated positions during the telephonic arguments, the motion will be granted, in part and denied, in part.

At the outset, the Court notes the parties have been operating under the mistaken assumption that the Court combined fact discovery and expert discovery in this case. The Court acknowledges that the confusion stems from the Hearing Memo entered in connection with the Case Management Conference, which indicates that the parties contemplated engaging in fact

---

[1] The Court notes that the date selected by IDI in its Proposed Order – January 19, 2018 – is actually 122 days from the September 19, 2017 deadline. *See* (Docket No. 44).

1

and expert discovery as to some specific witnesses and other limited issues. *See* (Docket No. 12) ("In terms of discovery, the parties indicated that they do not wish to bifurcate fact and expert discovery (with respect to David Yarbough, Robert Manni, and their labs)."). But contrary to what the FTC asserted during the telephonic argument on September 8, 2017, the Court concludes that the Hearing Memo did not mandate that *all* fact discovery and expert discovery be conducted together.

Moreover, discovery in this case is not based on the Hearing Memo but instead is governed by the Case Management Order. Fed. R. Civ. P. 16; LCvR 16.B. *See also Rorrer v. Cleveland Steel Container*, 564 Fed. App'x 642, 645 (3d Cir. 2014) ("Rules 16(a) through (e) of the Federal Rules of Civil Procedure set out standards governing pretrial conferences, scheduling orders, and general case management."). In this regard, the Court notes that it has "the inherent authority to manage [its] dockets . . . with a view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin*, __ U.S. __, 136 S. Ct. 1885, 1893 (2016), and is entitled to great deference when interpreting its own orders. *See In re Asbestos Prod. Liab. Litig. (No. VI)*, 718 F.3d 236, 243-45 (3d Cir. 2013).

After reviewing the Case Management Order, the Court concludes that expert discovery has not yet been scheduled in this case. On its face, the Case Management Order only pertains to fact discovery and contains no provision relating to expert discovery. This is consistent with how the Court ordinarily manages civil cases on its docket. Accordingly, regardless of the statement in the Hearing Memo indicating that the parties intended to combine fact and expert discovery as to some specific witnesses and issues, it was the Court's intention in this case to schedule only fact discovery in the Case Management Order, and then, if necessary, set an expert discovery schedule consistent with the parties' need for same at the subsequent Telephonic Post

Fact Discovery Status Conference. Thus, to the extent that Defendant's motion seeks an extension of time to complete expert discovery, such request is denied, without prejudice, as premature.

The Court now turns to whether Defendant is entitled to its requested extension of 120 days to complete fact discovery. Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Defendant, as the moving party, bears the burden of demonstrating good cause for extending the discovery deadline in the Case Management Order. *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). In this context, good cause is established if the moving party has acted diligently under the circumstances. *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 119 (W.D. Pa. 2010).

Defendant's motion contains a detailed, four-page list that summarizes the discovery that the parties have completed in the case to date. (Docket No. 44 at ¶¶ 11a-pp). It also lists four depositions scheduled to occur prior to the expiration of the discovery deadline, as well as a list of discovery that still needs to be completed. (*Id.* at ¶¶ 12-13).[2] According to Defendant, good cause exists to extend the discovery deadline because its counsel, who is a sole practitioner with far less resources than the FTC, has spent hundreds of hours in this case responding to discovery requests and reviewing tens of thousands of documents, e-mails, and reports produced in the FTC's investigation and discovery in this case. In addition, Defendant asserts that the parties encountered unforeseen technical difficulties with regard to the electronic production of e-mails, which required technical assistance and resulted in a delay of several weeks. Defendant has also subpoenaed documents from a number of third-parties. Although many of the third-parties have

---

[2] Although these lists include various references to expert discovery, expert discovery will be scheduled by the Court at the Telephonic Post Fact Discovery Status Conference, as explained above.

3

produced the requested documents without objection, Defendant asserts that it still needs more time to review the documents. Other third-parties have not timely responded to the subpoenas; and one, BRC Laboratories, Inc., has been granted an extension to respond to the subpoena in the United States District Court for the District of Rhode Island. During the recent telephonic argument, Defendant's counsel reiterated all of these points and emphasized that, despite all the work he has done in the case thus far, he is unable to complete discovery within the Case Management Order's deadline.

The FTC counters that the above facts have no bearing on whether Defendant has been diligent and contends that Defendant could have issued its discovery and third-party requests sooner. (Docket No. 48 at 2-4). In this Court's estimation, however, the FTC's position does not fairly account for all of the other work that Defendant has completed during the discovery period and ignores the disparity of resources and assistance available to the FTC's counsel and Defendant's counsel, respectively. Therefore, as explained by the Court during the parties' telephonic argument, the Court's previous decisions cited by the FTC, which involved situations where all the parties had extensive resources, are distinguishable. *See, e.g., Trask v. Olin Corp.*, 298 F.R.D. 244 (W.D. Pa. 2014); *Carnegie Mellon Univ. v. Marvell Tech Grp. Ltd.*, 2013 WL 772698 (W.D. Pa. 2013). The other cases cited by the FTC are likewise distinguishable because much of the delay in this case arises from circumstances over which Defendant has no control, including technical difficulties, third-parties' untimely responses to subpoena requests, and the period of time that Defendant's Motion to Determine Privilege, (Docket No. 24), has been under advisement before the Court.[3]

---

3     As the Court advised the parties during the September 8, 2017 telephonic conference, and as the Court has noted in several of its other cases, this Court "is presently operating with four empty District Judge seats, out of a total of ten seats, with three of those seats being vacant for a number of years." *Cypress Ins. Co. v. Mickens Transp. Spec.*, 2017 WL 1541892, at *5 (W.D. Pa. 2017); *see also Sloane v.*

Thus, the Court concludes that Defendant, through its counsel, has acted diligently during the initial discovery period and, consequently, has shown good cause to modify the Court's Case Management Order. But, given the Court's conclusion that expert discovery has yet to be scheduled, the Court finds that Defendant's request for an extension of 120 days is unwarranted and is appropriately modified below. Accordingly,

IT IS HEREBY ORDERED that, for good cause shown and given the equities outlined above, Defendant's Motion to Extend the Discovery Deadline (ECF No. [44]) is GRANTED, IN PART AND DENIED, IN PART. Fact discovery is hereby extended until **November 3, 2017**.

IT IS FURTHER ORDERED that the Court will hold a Telephonic Status Conference with the parties on **October 2, 2017 at 4:30 p.m.**

IT IS FURTHER ORDERED that the Court will hold a Telephonic Post Fact Discovery Status Conference on **November 20, 2017 at 4:00 p.m.**, at which time the Court will hear from the parties on, *inter alia*, their remaining needs relating to expert discovery, and will set an expert discovery schedule.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: September 28, 2017
cc/ecf: All counsel of record.

---

*Gulf Interstate Field Services, Inc.*, 2016 410965, at *8 (W.D. Pa. 2016). The Court's lack of resources and congested docket have the combined effect of causing delay in the disposition of discovery motions, which occurred in this case with respect to Defendant's Motion to Determine Privilege.