# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:16-cv-01669-NBF |
| v. | ) | |
| | ) | District Judge Nora Barry Fischer |
| INNOVATIVE DESIGNS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

### I. INTRODUCTION

Presently before the Court is the Motion for Leave to File a Sur-Rebuttal Expert Report (Docket No. 99) filed by Defendant Innovative Designs, Inc. ("IDI"), seeking thirty (30) days to complete additional testing and to submit a sur-rebuttal and/or supplemental expert report. In its Response (Docket No. 102), the Federal Trade Commission (the "FTC") argues that IDI is seeking a "do-over" expert report and maintains that the expert rebuttal report prepared by Dr. Jonathan Malen (the "Malen Report") is a proper rebuttal report that addresses and rebuts each of IDI's experts' primary opinions. As such, the FTC argues that IDI has not met its burden to show that it is entitled to submit a sur-rebuttal or supplemental report in this case. (*Id.* at 7-9). By rejecting IDI's motion, the FTC claims that the Court can prevent a wasteful cycle of additional rebuttals, depositions, and sur-rebuttals that would result from another expert report. (*Id.* at 9). The Court has now considered IDI's Motion for Leave to File a Sur-Rebuttal Expert Report (Docket No. 99), the FTC's brief in opposition (Docket No. 102), IDI's reply brief (Docket No. 105), and the relevant expert reports (Docket Nos. 75-2, 99-2, 102-2). The Court heard oral argument on the Motion and supplemental briefing on July 16, 2018. (Docket No. 106). For the reasons that follow, the Court will grant IDI's Motion.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

On November 3, 2016, the FTC filed a Complaint claiming that IDI violated several provisions of the Federal Trade Commission Act, 15 U.S.C. § 41 *et seq.*, through the use of unfair and deceptive marketing and promotional activities. (Docket No. 1). Defendant IDI began to market Insultex House Wrap ("Insultex") for use as a weather-resistant barrier on exterior walls around November 2011, (Docket Nos. 1 ¶ 9; 7 ¶ 9), claiming that Insultex had the added benefit of providing thermal insulation, (Docket Nos. 1 ¶ 11; 7 ¶ 11). Insultex was initially advertised as having an "R-3" insulative value and in 2015 a thicker version was marketed as having an "R-6" insulative value. (Docket Nos. 1 ¶¶ 13, 15 – 16; 7 ¶ 13, 15 – 16). According to 16 C.F.R. § 460.5, R-value measures resistance to heat flow and, when given in labels, fact sheets, ads, or other promotional materials, it must be based on tests done using the American Society of Testing and Materials ("ASTM") methods listed in 16 C.F.R. § 460.5.

Defendant contends that the R-values marketed for its Insultex wraps were derived from testing conducted in accordance with ASTM standards by accredited laboratories. (Docket Nos. 1 ¶ 20; 7 ¶ 20). The FTC believes that independent testing results obtained as part of an investigation indicate otherwise, and claims that Defendant's R-value assertions are therefore false or misleading due to a lack of valid, objective testing data in conformity with ASTM standards. (Docket No. 1 ¶¶ 28 – 36). The crux of the dispute in this case requiring expert testimony is the Modified ASTM C518 testing performed by BRC Laboratories on behalf of IDI, its R-value results, and the actual R-value of Insultex House Wrap.

On August 11, 2017, the FTC submitted its case-in-chief expert report of its designated testifying expert, Dr. David Yarbrough. (*See* Docket No. 102, at 4). IDI submitted expert reports

2

from Scott Baumann,[1] Dr. Anastassios Mavrokefalos, and Dr. Donald Garlotta on March 6, 2018. (*Id.*). On May 4, 2018, the FTC submitted its rebuttal expert reports of Dr. Yarbrough and Dr. Jonathan Malen.[2] (Docket No. 99). IDI now argues that, because Dr. Malen performs "new" calculations based upon known values and properties of Low Density Polyethylene, IDI should be granted leave for its expert, Dr. Mavrokefalos, to perform additional testing to rebut Dr. Malen's opinions concerning the thermal resistance of air gaps and thermal resistance of plastic foams in item numbers four and five of the Malen Report. (*Id.*, at 1).

### III. ANALYSIS

#### A. The Malen Report is a Proper Rebuttal Report

IDI argues that the Malen Report is not a proper rebuttal report under Rule 26 of the Federal Rules of Civil Procedure because it goes beyond the permissible purpose of rebuttal evidence. It contends that the Malen Report "rehashes the issue of the R-value of the air gap using new calculations that should have been contained in the FTC's case-in-chief report" and "contains new theories and information not contained in any of the previous expert reports relating to the 'Thermal resistance of plastic foams.'" (Docket No. 99, at 4).

In response, FTC argues that the Malen Report is a proper rebuttal report in compliance with the Federal Rules of Civil Procedure because it "directly addresses and rebuts each of IDI's experts' three primary opinions: 1) that the R-value of air is negligible; 2) that [Insultex's] properties as a low-density polyethylene foam with 'evacuated cells' ("LDPE") imbue it with an

---

[1] Mr. Baumann reviewed testing on Insultex's vacuum content that took place in December 2017. (*See* Docket No. 102, at 4).
[2] After Dr. Malen and Dr. Yarbrough submitted their rebuttal reports, for reasons unknown to the Court, IDI withdrew Dr. Garlotta's report.

R-value a magnitude higher than other insulation; and 3) that compression of the Insultex during ASTM C518 testing returned artificially lowers R-values." (Docket No. 102, at 2).

This Court has wide discretion in determining what evidence may be presented on rebuttal. *See United States v. Chrzanowski*, 502 F.2d 573, 576 (3d Cir. 1974). FED. R. CIV. P. 26(a)(2)(D)(ii) defines rebuttal experts as presenting "evidence [that] is intended solely to contradict or rebut evidence on the same subject matter identified by another party . . ." *See also Withrow v. Spears*, 967 F. Supp. 2d 982, 1002 (D. Del. Aug. 22, 2013) ("expert reports that simply address the same general subject matter as a previously-submitted report, but do not directly contradict or rebut the actual contents of that prior report, do not qualify as proper rebuttal or reply reports."). While the scope of a rebuttal report is limited to the same subject matter encompassed in the opposing party's expert reports, district courts have been reluctant to narrowly construe the phrase "same subject matter" beyond its plain language. *See, e.g.*, *Pritchard v. Dow Agro Scis.*, 263 F.R.D. 277, 284 (W.D. Pa. 2009) (finding declaration did not include any new opinions but rather served to further elaborate upon the initial opinions expressed in the report and rebut the defense experts' opinions); *Safe Auto Ins. Co. v. State Auto. Mut. Ins. Co.*, No. 2:07-CV-01121, 2009 WL 10679570, at *2 (S.D. Ohio Mar. 4, 2009); *TC Sys., Inc. v. Town of Colonie, New York*, 213 F. Supp. 2d 171, 180 (N.D.N.Y. 2002) (stating that the court "is reluctant to narrowly construe the phrase 'same subject matter' beyond its plain language" because doing so would "impose an additional restriction on parties that is not included in the Rules").

The term "same subject matter" is not defined in the Advisory Committee Notes to Rule 26 and there is little case authority on the issue. *See Safe Auto Ins. Co.*, 2009 WL 10679570, at *2; *TC Sys., Inc.*, 213 F. Supp. 2d at 180. However, the courts that have interpreted the term "same subject matter" in this regard have done so broadly, requiring that a rebuttal report simply address

the same topic as the affirmative report, as opposed to the same topic *and* methodology the affirmative expert relied on. *See, e.g.*, *TCL Commc'ns Tech. Holdings Ltd. v. Telefonaktenbologet LM Ericsson*, 2016 WL 7042085, at *4 (C.D. Cal. Aug. 17, 2016) ("However, nothing about Rule 26 or the nature of rebuttal prohibits offering independent opinions or utilizing other methodologies. In fact, offering a different, purportedly better methodology is a proper way to rebut the methodology of someone else."); *Associated Elec. Gas Ins. Servs. v. Babcock & Wilcox Power Generation Grp., Inc.*, No. 3:11-CV-715-JCH, 2013 WL 5771166, at *3 (D. Conn. Oct. 24, 2013) ("Although [the rebuttal report] does offer new analysis and calculations, the Court finds that such were undertaken in an effort to rebut and/or contradict the theory posted by [the affirmative expert], and are therefore proper.") (citing *Allen v. Dairy Farmers of America, Inc.*, 2013 WL 211303, at *5 (D. Vt. Jan. 18, 2013) ("It is also acceptable for an expert to use new methodologies in a rebuttal for the purpose of rebutting or critiquing the opinions of Defendants' expert witness.")); *Safe Auto Ins. Co.*, 2009 WL 10679570, at *2 (citing *TC Sys., Inc.*, 213 F. Supp. 2d at 180).

In its motion, IDI contends that Dr. Malen's report is not a proper rebuttal report because it introduces new theories and calculations as to the R-value and air gap that were not previously raised in the FTC's case-in-chief report. (Docket No. 99, at 6). However, to the extent Dr. Malen's report offers new analysis and calculations, the Court finds that it is proper for Dr. Malen to utilize new calculations or methods in an effort to rebut and/or contradict the theories posited by IDI's experts. (Docket No. 102, at 2). As this Court has noted, rebuttal evidence is properly admissible when it will explain, repel, counteract or disprove the evidence of the adverse party. *Wonderland Nurserygoods Co. v. Thorley Indus., LLC*, 2014 U.S. Dist. LEXIS 8185, *6 (W. D. Pa. January 23, 2014) (quoting *Finizie v. Principi*, 69 Fed. Appx. 571, 574 (3d Cir. 2003)). In addition, Defendant

IDI has been given the opportunity to depose Dr. Malen and his opinions will be subject to further cross-examination at trial.

However, there does appear to be some overlap between the reports presented by Dr. Yarbrough and Dr. Malen. Despite their differing perspectives, the Court has the discretion to limit their expert testimony to the extent it is cumulative. (Docket No. 102, at 7 (FTC concedes that Dr. Malen calculations "reach essentially the exact same result as Dr. Yarbrough)); FED. R. EVID. 403 (authorizing a district judge to exclude relevant evidence which she finds, in her discretion, to be a "needless presentation of cumulative evidence"); *see also Bowman v. General Motors Corp.*, 427 F. Supp. 234, 240 (E.D. Pa. 1997) ("[T]here is unanimous agreement that on rebuttal it is properly within the discretion of the trial judge to limit testimony to that which is precisely directed to rebutting new matter or new theories presented by the defendant's case-in-chief.") (citations omitted).

### B. The Court Has Discretion to Permit Sur-Rebuttal Evidence

Rule 26 is silent on the issue of submission of sur-rebuttal expert reports. As discussed above, the Rule permits a rebuttal report so long as the report is submitted within 30 days after the other party's disclosure and intended solely to contradict or rebut evidence on the same subject matter identified by another party. FED. R. CIV. P. 26(a)(2)(D)(ii). Here, IDI seeks leave to file a sur-rebuttal report based on anticipated additional testing by BRC laboratories. (Docket No. 105, at 2). While the testing by BRC Laboratories has commenced, it has not yet been completed. Hence, IDI is not able to make a proffer at this time as to the contents of a sur-rebuttal and/or supplemental report. (*Id.*).

Generally, "sur-rebuttal evidence is permissible only where a party in rebuttal introduces subject matter not previously raised in its case-in-chief." *Ries v. CSX Transp., Inc.*, 2000 U.S.

Dist. LEXIS 4763, *12 (E.D. Pa. 2000) (disallowing sur-rebuttal testimony at trial where no new issues were raised on rebuttal) (citing *F. W. Woolworth Co. v. Contemporary Arts*, 193 F.2d 162, 167 (1st Cir. 1951)). The decision of whether to allow a party to present evidence in rebuttal or sur-rebuttal beyond the initial rebuttal report is committed to the trial court's discretion. *See Holbrook v. Woodham*, 2008 WL 544719, at *4 (W.D. Pa. February 28, 2008) (allowing report under Third Circuit's *Myers* test even though expert evidence was submitted outside parameters of trial court's discovery order); *Midwest Feeders, Inc. v. Bank of Franklin*, No. 5:14CV78-DCB-MTP, 2016 WL 4074432, at *3 (S.D. Miss. July 29, 2016) (finding that "Defendant should be afforded an opportunity to designate a surrebuttal expert for the limited purpose of contradicting or rebutting [opposing expert's] opinions" since "the topic being discussed by experts drifted."); *Louisiana Health Care Self Ins. Fund v. United States*, Civil Action No. 12-766-JJB-RLB, 2014 WL 3720526, at *1 (M.D. La. July 25, 2014) (noting that Rule 26(a)(2)(D)(ii) neither grants a right to file a sur-rebuttal nor prohibits sur-rebuttal reports, and observing that "a party wishing to provide a sur-rebuttal must first seek leave of Court") (collecting cases).

IDI claims it "needs the opportunity to explore rebutting the Malen Report and buttressing its own expert evidence in response thereto." (Docket No. 105, at 2). It argues that the issues to be covered in the report are not new and have existed from the inception of this case. (*Id.*). The FTC responds by labeling IDI's requested sur-rebuttal report a "do-over" expert report and highlighting the fact that IDI has not specified why it could not have conducted such testing before Dr. Mavrokefalos submitted his report or prior to Dr. Malen's deposition. (Docket No. 102, at 8). It further argues that:

> adhering to the Court's Scheduling Order would prevent significant additional costs for both parties. The FTC will need both of its experts to review any new testing or surrebuttal testimony and likely will seek to depose Dr. Mavrokefalos about it. If the new testing and report raise new subject matter, the FTC may need to seek leave

7

> to file yet another report to rebut it. By rejecting IDIs motion, the Court can prevent
> a wasteful cycle of additional rebuttals, depositions, and sur-rebuttals.

(Docket No. 102, at 9).

On the other hand, IDI compares this case to the line of cases discussing the Court's discretion to exclude testimony due to counsel's failure to adhere to a pretrial order, which this Court finds instructive. (Docket No. 99 at 7). Where counsel has failed to adhere to a pretrial order, the trial court has the discretion to exclude testimony and the Third Circuit has established the following four criteria for such exclusion:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court, and (4) bad faith or wilfulness in failing to comply with the district court's order.

*See Holbrook v. Woodham*, No. CIV.A. 3:05-304, 2008 WL 544719, at *2 (W.D. Pa. Feb. 28, 2008) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894, 904-05 (3d Cir.1977)). In addition, the court should consider "the importance of the excluded testimony." *Id.* (citing *Meyers,* 559 F.2d at 904). Upon considering these factors, the Court finds that they weigh in favor of permitting the sur-rebuttal report of Dr. Mavrokefalos, particularly given the preference in the Third Circuit for the liberal admission of expert evidence. *See In re Paoli R.R. Litig.*, 35 F.3d 717, 791-92 (3d Cir. 1994) ("[T]he exclusion of critical [expert] evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a [court's discovery] order."); *DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193, 1202 (3d Cir. 1978) (Expert testimony should not be excluded where it is critical to the case and objector will not actually be surprised by it).

To this end, the Court notes that both parties agree that the subjects to be covered by the proposed sur-rebuttal report are not new subjects in this case and have existed from the inception

of this case (i.e. the R-value of Insultex House Wrap and the R-value of the two ¾ inch air gaps used by BRC during testing), so there will be no surprise to the FTC. At this stage, the FTC has two experts prepared to opine on the issues of R-value and air gap calculations, whereas IDI has just one expert. Since this is a bench trial, the Court would not be particularly burdened by hearing a response to Dr. Malen's report. Especially given his new calculations and methodology used to evaluate central issues in this case, the Court believes that it is appropriate to give both parties a full opportunity to present their cases. In addition, the parties still have plenty of time to take a second deposition of Dr. Mavrokefalos if they believe such is warranted.[3] Finally, all of the experts' opinions will ultimately be subject to cross examination at trial, which is not set to begin until January 22, 2019. Hence, the Court will utilize its discretion to permit the sur-rebuttal report.

### C. IDI's Request to Supplement

As to IDI's request to supplement, Fed. R. Civ. P. 26(e) requires supplementation of an expert's report where the report or deposition testimony contains incorrect or misleading information. *See Holbrook*, 2008 WL 544719, at *1 (permitting supplemental report); *Everlight Elecs., Co., Ltd. v. Nichia*, 2014 WL 3925276, at *2-3 (E.D. Mich. Aug. 12, 2014) (permitting a fourth supplemental report addressing the new theories and information that were added by the rebuttal report); *Seton Co. v. Lear Corp.*, No. 02-71118, 2005 U.S. Dist. LEXIS 8963, at *8-9 (E.D. Mich. 2005) (report found proper because the expert corrected lost-profits estimate based on information not available at time of initial report, noting no prejudice because opposing party could depose the expert). As the FTC noted in its opposition, (Docket No. 102, at 3), Dr. Mavrokefalos conducted additional studies on R-value testing since submitting his report and testified regarding the same at his deposition. (*See* Mavrokefalos Deposition Excerpts, Docket No. 102-3, at 162:15-

---

[3] To the extent the parties are concerned about the cost of deposing Dr. Mavrokefalos, the Court recommends the deposition be taken by video conference.

165:7). Dr. Mavrokefalos stated at his deposition that he would not be amending his report. (*Id.* at 165:2-7). To the extent Dr. Mavrokefalos will rely on these new calculations but has not yet disclosed them to the FTC, the FTC is entitled to the same and Dr. Mavrokefalos has a duty to provide those calculations and supplement his report pursuant to Rule 26(e).

## IV. CONCLUSION

The Court finds that the Malen Report is a proper rebuttal report, but the Court will exercise its discretion to limit the expert testimony at trial to the extent it is cumulative. The Court further finds that, given the new calculations and methodology employed by Dr. Malen, IDI shall be permitted to file a sur-rebuttal expert report. Finally, the parties are reminded of their duty to supplement pursuant to Rule 26(e) and, to the extent Dr. Mavrokefalos has not disclosed the calculations referenced in his deposition testimony and on which he may rely, he is ordered to produce the same, along with any supplemental report.

An appropriate order follows.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: July 27, 2018

cc/ecf: All counsel of record.