IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>           Plaintiff,<br><br>v.<br><br>INNOVATIVE DESIGNS, INC.,<br><br>           Defendant. | 2:16-cv-01669-NBF<br><br>District Judge Nora Barry Fischer |

**<u>MEMORANDUM ORDER</u>**

This is an action under the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), in which Plaintiff Federal Trade Commission ("FTC") contends that Defendant Innovative Designs, Inc.'s ("IDI") violated Section 5 of the FTC Act, 15 U.S.C. § 45(a). (Docket No. 1 ¶ 1). Presently before the Court is a *Daubert* motion brought by FTC seeking to exclude the proffered expert testimony of Dr. Donald Garlotta on the basis of qualification, reliability, and fit. (Docket No. 133 at 1). Dr. Garlotta is proffered by IDI to opine that (1) IDI's R-3 and R-6 claims are substantiated by the "modified" ASTM C518 test used by BRC Laboratory, Inc.; and (2) standard ASTM C518 tests are unsuitable for Insultex. (*Id.*) After careful consideration of the parties' arguments, their briefs, and the submitted exhibits, for the following reasons, FTC's Motion [133] is DENIED.

Federal Rule of Evidence 702, which memorializes the Supreme Court's landmark case, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), provides the basic framework for the admissibility of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;

1

> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. The United States Court of Appeals for the Third Circuit has held that "Rule 702 embodies a trilogy of restrictions on expert testimony: qualification, reliability, and fit." *Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). The district court acts as a gatekeeper, by preventing opinion testimony from reaching the factfinder that does not meet these three requirements. *Id.*

The Court agrees with IDI that Dr. Garlotta is sufficiently qualified under *Daubert* and its progeny to provide the types of opinions that are proffered here. The Third Circuit has "eschewed imposing overly rigorous requirements of expertise and [has] been satisfied with more generalized qualifications." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741 (3d Cir. 1994) (*Paoli II*). "[A] broad range of knowledge, skills, and training qualify an expert." *Id.* Additionally, "[i]t is an abuse of discretion to exclude testimony simply because the trial court does not deem the proposed expert to be the best qualified or because the proposed expert does not have the specialization that the court considers most appropriate." *Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777, 782 (3d Cir. 1996).

Dr. Garlotta has a bachelors, masters, and doctorate in polymer science, and Insultex is a polymer. (Docket No. 147-1 at 29, 43). Moreover, at the time he rendered his opinion, Dr. Garlotta was working as an Independent Materials Scientist Consultant and doing consultant work for home insulation products albeit he only had one client. (*Id.* at 27). Finally, he has experience in prethermal conductivity from his time employed by Trelleborg Offshore Boston. (*Id.* at 28). The mere fact that Dr. Garlotta does not have the formal qualifications that the FTC believes are the most appropriate does not render him unqualified. *See Pritchard v. Dow Agro Scis.*, 705 F. Supp.

2d 471, 482 (W.D. Pa. 2010) ("That Dr. Omalu is also not an oncologist or hemopathologist, appropriate specialties in Defendants' view, and has not previously treated and/or diagnosed patients with NHL, does not preclude him from testifying as an expert in this matter. These factors more properly bear on Dr. Omalu's credibility and the weight of his testimony rather than its admissibility"); *Hartle v. FirstEnergy Gen. Corp.*, Civil Act. Nos. 08-1019, 08-1025, 08-1030, 2014 WL 1317702, at *2 (W.D. Pa. Mar. 31, 2004) ("[w]hen evaluating an expert's qualifications, district courts should not insist on a certain kind of degree or background"). Given his education and experience, Dr. Garlotta is qualified to present his opinions that IDI's R-3 and R-6 claims are substantiated by the "modified" ASTM C518 test used by BRC Laboratory, Inc. and standard ASTM C518 tests are unsuitable for Insultex.

It is also this Court's opinion that Dr. Garlotta has employed sufficiently reliable methods in reaching his conclusions in this case. The test for reliability is not correctness. *Paoli II*, 35 F.3d at 744. An expert's opinion is reliable when it is based on sound methodology and "good grounds," *Paoli II*, 35 F.3d at 744, i.e., it is "based on the methods and procedures of science rather than on [a] subjective belief or unsupported speculation," *Furlan v. Schindler Elevator Corp.*, 516 F. App'x 201, 205 (3d Cir. 2013) (quoting *Paoli II.*, 35 F.3d at 742).[1] The Court of Appeals for the Third Circuit in *Paoli II*, enumerated eight factors that a district court may examine when determining reliability; however, it is well-settled that they "are neither exhaustive nor applicable in every case.[2] *Kannankeril v. Terminix Int'l., Inc.*, 128 F.3d 802, 806-07 (3d Cir. 1997) (citing

---

[1] "[T]he reliability analysis applies to all aspects of an expert's testimony." *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 155 (3d Cir. 1999).
[2] The factors include:
(1) whether a method consists of a testable hypothesis; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put.

3

*Paoli II*, 35 F.3d at 744). Additionally, it is important to recognize that "there are no bright-line rules requiring that an expert undertake a specific type of testing in a particular case." *Trask v. Olin Corp.*, Civ. Act. No. 12-340, 2016 WL 1181428, at *11 (W.D. Pa. Mar. 28, 2016).

FTC argues that Dr. Garlotta's testimony fails to show that he used any scientific methodology let alone a method of testing that was generally accepted. (Docket No. 133 at 4). Here, Dr. Garlotta's methodology is premised on his understanding of the properties of Insultex and, as a result, he opted for a different methodology than FTC's experts. (Docket No. 147 at 9-10). Furthermore, Dr. Garlotta's methodology has been approved by others in the community including the Perry Johnson Laboratory Accreditation, Inc. (*Id.* at 2). After considering his written report and sworn oral deposition testimony given the requisite level of flexibility afforded to this Court, the Court finds that Dr. Garlotta's opinion meets the level of reliability to be admissible in this case.

Dr. Garlotta's testimony also fits the case. The "fit" element "goes primarily to relevance." *Daubert*, 509 U.S. at 591. To be admissible, the expert testimony must assist the trier of fact in resolving a factual dispute. *Id.* With respect to the "fit" prong, the expert must "apply his experience reliably to the facts; his opinions must be well-reasoned, grounded in his experience, and not speculative." *Sargent v. Cmmw. of Pa.*, Civ. No. 13-00730, 2015 WL 6447742, at *1 (M.D. Pa. Oct. 26, 2015) (quoting *Roberson v. City of Phila.*, Civ. No. 99-3574, 2001 WL 210294, at *4 (E.D. Pa. Mar. 1, 2001)). The standard for analyzing fit is "not that high." *Premier Comp Sols. LLC*, Civ. Act. No. 2:15cv703, 2019 WL 480480, at *3 (3d Cir. 2007) (citing *Paoli II*, 35 F.3d at 745). Because FTC's argument as to fit is premised entirely on its belief that Dr. Garlotta's testimony is unreliable for the same reasons set forth in the paragraph above, the Court rejects

---

*Paoli II*, 35 F.3d at 742 n. 8.

FTC's challenge as to fit.

Moreover, challenges to the factual foundation of expert opinions such as the ones raised by FTC go to the weight of such testimony which is more appropriately addressed through cross-examination at trial. *See Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414 (3d Cir. 2002) ("Rule 705, together with Rule 703, places the burden of exploring the facts and assumptions underlying the testimony of an expert witness on opposing counsel during cross-examination"); *Carnegie Mellon Univ.y v. Marvell Tech. Grp., Ltd.*, 286 F.R.D. 266, 269 (W.D. Pa. 2012).

For these reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion [133] is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: April 30, 2019

cc/ecf: All counsel of record