# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) |
| | ) 2:16-cv-01669-NBF |
| v. | ) |
| | ) District Judge Nora Barry Fischer |
| INNOVATIVE DESIGNS, INC., | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

AND NOW, this 17th day of July, 2019, upon consideration of the Motion in Limine to Exclude the Testimony of Andy Lindus and Preclude Supplementation of Dr. Garlotta's Opinion filed by Plaintiff Federal Trade Commission ("FTC") (Docket No. 165), the response in opposition filed by Innovative Designs, Inc. ("IDI"), IDI's Pretrial Statement (Docket No. 113), IDI's Supplemental Witness List (Docket No. 163), and oral argument on July 15, 2019,

FTC's Motion [165] is **DENIED, IN PART, AND GRANTED, IN PART,** and IDI may call Andy Lindus ("Lindus") as a **lay witness** on rebuttal. **Lindus may provide fact testimony only and may not be used as an expert or quasi-expert.** The remainder of the motion will be ruled upon after argument at the Pretrial Conference on July 23, 2019, i.e., the requested supplementation of Dr. Garlotta's opinion.

Lindus's former company, A-Team Building Supply, was a major purchaser of Insultex House Wrap having bought over half a million dollars' worth of the product. (Docket No. 165 at 2). In fact, IDI's sales to A-Team Building Supply amounted to nearly half of its revenue. (*Id.* at 8). IDI seeks to proffer Lindus as a lay witness on rebuttal to testify that he continues to use the product because he believes it works despite FTC's contrary opinion. (Docket No. 163).

Lindus presently resides in Baldwin, Wisconsin and has a preplanned vacation in Canada during the time of trial. (Oral Argument 7/15/19; Docket No. 163). Through its own investigation, FTC became aware of Lindus, listed him in its disclosures, and subpoenaed his records in 2017. (Oral Argument 7/15/19; Docket No. 170 at 6-7). Although Lindus was not explicitly listed as a witness by IDI until June 25, 2019 (Docket No. 163), FTC was on notice nine months earlier of that possibility when IDI reported in its Pretrial Statement that it might call contractors who had used Insultex House Wrap (Docket No. 113 at 5).

Where counsel has failed to adhere to a pretrial order, the trial court has the discretion to exclude testimony and the Third Circuit has established the following four criteria for such exclusion:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court, and (4) bad faith or wilfulness in failing to comply with the district court's order.

*See Holbrook v. Woodham*, No. CIV.A. 3:05-304, 2008 WL 544719, at *2 (W.D. Pa. Feb. 28, 2008) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977)). In addition, the court should consider "the importance of the excluded testimony." *Id*.

IDI only intends to offer Lindus as a rebuttal lay witness and not as an expert or as part of its case-in-chief. Lindus will testify that he did not rely on IDI's R-value claims and uses the product because he finds it suitable for his intended purpose. (Docket No. 163). "Rebuttal evidence is properly admissible when it will 'explain, repel, counteract or disprove the evidence of the adverse party.'" *Finizie v. Principi*, 69 F. App'x 571, 574 (3d Cir. 2003) (quoting *United States v. Chrzanowski*, 502 F.2d 573, 576 (3d Cir.1974)). Moreover, it is well-established that the Court has the discretion to allow undisclosed rebuttal witnesses to testify. *See Doe ex rel. Doe v.*

*Lower Merion Sch, Dist.*, 665 F.3d 524, 558 (3d. Cir. 2011) (holding that the district court did not abuse its discretion in denying a motion to exclude testimony from two witnesses that were not disclosed until plaintiff filed its pretrial memorandum because Plaintiff did not learn about the witnesses until the day before pretrial memoranda were due and the witnesses' testimony was "within the scope of proper rebuttal"); *Berroyer v. Hertz*, 672 F.2d 334, 338 (3d Cir. 1982) (explaining that "the cases make clear that departure from or adherence to the pretrial order is a matter peculiarly within the province of the trial judge, whose decision will not be disturbed on appeal absent a clear abuse of discretion"); *Gucker v. United States Steel Corp.*, No. CV 13-583, 2016 WL 320824, at *3 n.3 (W.D. Pa. Jan. 27, 2016) (providing "The Court notes that the Pretrial Order allows a party to omit from its witness list witnesses it may call if needed that will be used for "impeachment"); *Titan Stone, Tile & Masonry, Inc. v. Hunt Const. Group, Inc.*, Civ. Act. No. 05-3362, 2007 WL 1659056, at *5 (D. N.J. June 5, 2007) (writing courts in this Circuit have "allowed parties to call witnesses in rebuttal even if the witness was not discussed in a pre-trial order, so long as the witness and his testimony are within the scope of proper rebuttal").

Here, Lindus was generally alluded to in IDI's Pretrial Statement filed on September 25, 2018. (Docket No. 113). Therein, IDI mentioned that it "may also call contractors who have used Insultex House Wrap." (*Id.* at 5). Additionally, the Court learned at argument that FTC was aware of Lindus as he was listed in its disclosures and it subpoenaed his records in 2017. (Oral Argument 7/15/19; Docket No. 170 at 7). The Court now understands that Lindus has been a large purchaser of IDI's product. In only recently naming Lindus as a witness, the Court does not attribute to IDI any bad faith or unwillingness to comply with the Court's order. Rather, it appears that Lindus

3

was listed in IDI's supplemental pretrial statement out of an abundance of caution even though he is a rebuttal lay witness who did not need to be identified under this Court's practice.[1]

To the extent FTC claims that it has been prejudiced, FTC knew about Lindus and has subpoenaed his records. (Docket No. 170 at 7). Both FTC and IDI had the ability to interview him months before this trial.

Since Lindus lives more than one hundred miles from Pittsburgh, Pennsylvania and will be in Canada at the time of the trial, his testimony can be presented by deposition. FED. R. CIV. P. 32(a)(4)(B); LCvR 16; (Oral Argument 7/15/19; Docket No. 163). FTC can notice Lindus for a discovery deposition if it believes one is necessary. Those costs are to be borne by FTC as this Court does not see the need for a discovery deposition given what the FTC already knows.[2] Given today's technology, FTC may attend and participate in any deposition by telephone or video rather than in person. Documents can also be provided to the court reporter in advance. The Court suggests that Lindus's deposition(s) could be scheduled for the afternoon of July 24, 2019 in this courthouse. IDI will bear the cost of its *de bene esse* deposition including any travel costs incurred by Lindus. Alternatively, given the Court's state of the art technology, Lindus can appear by video conference at trial and any exhibits can be projected and/ or provided to him in advance of trial. Any such arrangements shall be made and associated costs shall be borne by IDI. Finally, the scheduling of either or both depositions shall <u>not</u> delay trial in this matter.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

---

[1] Parties routinely reserve the right to use rebuttal and impeachment witnesses in this district. Neither party requested a schedule for rebuttal witness disclosure.
[2] *See* FED. R. CIV. P. 1.